## W. H. WALKER *v.* JOHN M. BROWN, ETC.

**New Trial—Failure to Attend Original Trial—Inexcusable Negligence.**

> No reason is offered why the answer was not sworn to when it was written. If appellant had read the summons he would have learned in what month the court would sit, but he was so inattentive to the business that he entirely forgot it. The want of diligence is so palpable and culpable on the part of appellant in failing to prepare his defense, according to his own statement, as to wholly preclude him from the relief sought.

APPEAL FROM FRANKLIN CIRCUIT COURT.

June 12, 1872.

OPINION BY-JUDGE PETERS:

This suit was brought to obtain a new trial in an action ordinarily brought in the court below by appellee against appellant, for a sum of money alleged by the former to be due him by the latter, and in which action judgment was rendered by default.

Appellant alleges in his petition that he had a good and valid defense to said action, but was prevented from making the same by unavoidable accident and which he could not have prevented.

Which preventing accident, or casualty he describes as follows, that he then resided in Owen county, where he still resides; that he was in the county of Franklin on business when the summons was served on him, which he forthwith took to his attorney, J. L. Scott, and employed him to prepare his defense; that his said attorney on the same day drew his answer, setting forth

fully the facts constituting his defense to the action, but as the Franklin Circuit Court was not then in session, his attorney advised him he could file his answer when the cause was called for trial, and that he could verify his answer when he came to Frankfort to attend the defense of the action. With this information he left the office of his attorney fully intending to be present at the trial of the case, verify his answer, and make his defense, but as he was not well advised as to the time "for holding this summer term of the Franklin Circuit Court," he entirely forgot the time at which the law fixed said term, and at the time the case was set for trial he was in the city of New York purchasing a stock of goods and he did not advise his attorney of his trip to New York as he verily believed that the first term of the court after the services of the summons on him, and to which he was required to answer would commence in October, 1871.

The first question in the case to be considered is, if all that is stated in the petition be admitted to be true, is it not manifest that appellant was guilty of inexcusable negligence? No reason is offered why the answer was not sworn to when it was written, and if appellant had been enough interested in the business to have read the copy of the summons delivered to him, he would have learned from it in what month the Franklin Circuit Court would sit. But he does not say he did not know when the court did sit—he, in fact, did know it, but was so unattentive to the business that he entirely forgot it; gave it no further attention; got no subpoena for witnesses, although he lived in a different county, nor does he say that he made the slightest preparation from the day he had his answer drawn until after judgment was rendered against him, even if the answer has been sworn to, or if his attorney had verified it, which from anything that appears in the case, he might have done under section 611, Civil Code. Still not witnesses appear to have been

Wherefore the judgment is affirmed.

summoned, nor any preparation made for the trial.

The want of diligence is so palpable and culpable on the part of appellant in failing to prepare the action in ordinary against

him according to his own statements as to wholly preclude him from the relief sought.

*Ford & Scott, for appellant.*